[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10208
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 8, 2011
JOHN LEY
CLERK

Agency No. A088-307-321


MELISSA GERODETTI ABREU,

                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 8, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Melissa Gerodetti Abreu, a native and citizen of Venezuela, seeks review of

the Board of Immigration Appeals's (BIA's) order affirming the decision of the Immigration Judge (IJ) denying her application for asylum and withholding of removal under the Immigration and Nationality Act (INA), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT).[1]   In her petition for review, Abreu questions whether substantial evidence supports the BIA's adverse-credibility determination, and asserts that the BIA erred in finding that the harm she suffered did not amount to persecution.  Upon a review of the record, we deny the petition in part and dismiss it in part.

## I.

Abreu entered the United States in July 2007 on a non-immigrant visa.   In April 2008, Abreu filed an application for asylum, withholding of removal, and CAT relief, based on nationality, political opinion, and membership in a social group.  In the application, Abreu argued that she had organized and participated in events against the government and, as a result, had been persecuted by pro-government groups.  The most serious claim in Abreu's application was that she

---

[1] As an initial matter, we lack jurisdiction to review the BIA's determination as to Abreu's claims for withholding of removal and CAT relief because Abreu did not argue these claims before the BIA, notwithstanding that the BIA addressed them *sua sponte*. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006).

had been raped and almost killed during an encounter with "Chavista" students at her university. In her application, Abreu noted that she had an Italian passport.

After a hearing on the merits, the IJ denied Abreu's application. In his oral decision, the IJ made an adverse-credibility determination based, in part, upon the fact that Abreu's initial application for asylum stated that she had been "raped and almost killed," but that she had amended her application to indicate that she was "almost raped and almost killed." Abreu acknowledged the inconsistency, but claimed, due to her limited English comprehension, that she did not realize until ten days before the hearing that the application was incorrect and that she amended her application as soon as she realized the mistake. But the IJ also noted that Abreu's testimony regarding this incident was very general and lacked specific dates. The IJ further determined that even if her application and testimony were credited, she had not established persecution within the meaning of the INA. Finally, the IJ noted that before granting relief, he would also have required Abreu to establish whether she had dual citizenship in Italy and could resettle there because she had an Italian passport and her grandparents resided there.

Abreu appealed the decision to the BIA on the ground that she had "presented a valid and coherent political asylum-based case." The BIA affirmed,

concluding that there was no clear error in the IJ's credibility findings that:

(1) Abreu's testimony was not sufficiently detailed, consistent, or believable; and

(2) Abreu failed to amend her asylum application with respect to her initial claim

that she had been "raped and almost killed" until ten days before the hearing,

despite admitting that the English translation of the application was read to her in

Spanish. The BIA determined that Abreu's summary contention in her brief that

she "believed" that she provided a coherent and plausible account was not a

sufficient basis on which to disturb the IJ's credibility finding. Based on this

determination, the BIA declined to address Abreu's other arguments regarding

persecution. The BIA also concluded that Abreu had not demonstrated an

entitlement to withholding of removal or CAT relief. Abreu then filed this petition

for review.

## II.

"We review only the [BIA's] decision, except to the extent that it expressly

adopts the IJ's opinion." *Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).

Because the BIA explicitly agreed with several findings of the IJ, we may review

the decisions of both the BIA and the IJ as to those issues. *Ayala v. U.S. Att'y

Gen.*, 605 F.3d 941, 948 (11th Cir. 2010). We review factual determinations,

which include credibility determinations, under the substantial-evidence test. *Ruiz*

*v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254-55 (11th Cir. 2006). We must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quotation marks and citation omitted). We will view "the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id.* at 1255 (quotation marks and citation omitted). Accordingly, to conclude that a finding of fact should be reversed, we must determine that the record "compels" reversal. *Id.* (quotation marks and citation omitted).

### III.

### A.

An applicant for asylum must meet the INA's definition of "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). This definition includes:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). Thus, to meet the definition of "refugee," the applicant must, "with specific and credible evidence, demonstrate (1) past persecution on account of a statutorily listed factor, or (2) a well-founded

fear that the statutorily listed factor will cause future persecution." *Ruiz*, 440 F.3d at 1257 (quotation marks omitted).

An applicant's testimony, if credible, may be sufficient to sustain her burden of proof without corroborating evidence. *Id*. at 1255. Conversely, if the applicant relies solely on her testimony, an adverse-credibility determination alone may be sufficient to support the denial of an application. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). When the IJ makes an adverse-credibility finding, the applicant must demonstrate that the decision was not supported by "specific, cogent reasons" or was not based on substantial evidence. *Ruiz*, 440 F.3d at 1255.

Pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13 § 101, 119 Stat. 302, for applications filed after May 11, 2005, a credibility determination may be based on the totality of the circumstances, including: (1) the demeanor, candor, and responsiveness of the applicant; (2) the plausibility of the applicant's account; (3) the consistency between the applicant's written and oral statements; (4) the internal consistency of each statement; and (5) the consistency of the applicant's statements with other record evidence, including country reports. INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii). An adverse-credibility determination may be based on inconsistencies, inaccuracies, or falsehoods. *Id*.

B.

Abreu argues the IJ erred in his adverse-credibility determination because she provided a coherent account and answered the questions posed to her with conviction.[2] The United States responds that the IJ and BIA made their adverse-credibility determinations on numerous and substantial inconsistencies and that Abreu's credibility argument on appeal is "vague."

Here, specific, cogent reasons supported the adverse-credibility determination. Although Abreu offered a tenable explanation for the inconsistency between her testimony and her asylum application—that the application was translated incorrectly—that explanation does not compel a conclusion that Abreu was otherwise credible. *See Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1233 (11th Cir. 2006) (holding that although applicant offered a reasonable explanation for inconsistencies in her testimony, it did not compel reversal of the IJ's adverse-credibility determination). And although Abreu did amend her application to clarify that she was "almost raped and almost killed," her hearing testimony merely indicated that she was "inappropriately touched."

---

[2] Abreu's also argues on appeal that the IJ erred in his adverse-credibility determination because he failed to consider corroborating evidence, specifically the country report, declarations, and voting records. But because Abreu did not raise this argument before the BIA, it has not been exhausted and we will not consider it here. *Amaya-Artunduaga,* 463 F.3d at 1250-51.

7

Because this testimony relates to the heart of Abreu's claim, we find that the IJ did not abuse its discretion in finding that she was not credible.

Finally, the BIA declined to address any other arguments relating to the merits of Abreu's persecution claim, in light of its credibility determination. Accordingly, Abreu's arguments on appeal as to whether she demonstrated persecution, including whether the IJ engaged in improper speculation that she could relocate within Venezuela or resettle in Italy, are outside the scope of this court's review and should not be addressed. *See Chen*, 463 F.3d at 1232 n.4 (refusing to address the merits of a persecution claim because the IJ's decision was based on an adverse-credibility determination). Upon review of the record and consideration of the parties' briefs, we dismiss the petition in part, and deny the petition in part.

**PETITION DENIED IN PART, DISMISSED IN PART.**